UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
Chief United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

March 25, 2026

MEMORANDUM TO COUNSEL RE:          Scott v. Bloomingdale's, LLC, et al.
                                    Civil Action No. GLR-25-3661

Dear Counsel:

Pending before the Court is Defendants Bloomingdale's, LLC and Bloomingdales.com, LLC's (collectively "Bloomingdale's") Motion to Dismiss for Failure to State a Claim (ECF No. 15). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2023). For the reasons outlined below, the Court will grant the Motion.

**Background**[1]

Plaintiff Lori Scott brings forth a class action suit against Bloomingdale's for false and misleading e-mail marketing. (Compl. ¶ 1, ECF No. 2). The Complaint alleges that Bloomingdale's "initiated (or conspired to initiate) the transmission of hundreds of commercial electronic mail [("e-mail")] messages with false or misleading subject lines" to Scott and other class members. (Id. ¶ 20). Scott highlights one such e-mail that Bloomingdale's sent on May 18, 2025, with the subject line: "Sisley Paris: Choose your free 5-piece gift[.]" (Id. ¶ 24).

On October 1, 2025, Scott filed a state court complaint wherein she pleaded a single cause of action against Bloomingdale's for violating the Maryland Commercial Electronic Mail Act ("MCEMA"), Md. Code Ann., Com. Law §§ 14-3001, et seq. (Compl. ¶¶ 8, 72–77). On November 7, 2025, Bloomingdale's removed the action to this Court. (Notice Removal, ECF No. 1). Scott seeks statutory damages in the amount of $500 for each violation under § 14-3003 and reasonable attorneys' fees and costs. (Compl. at 13).[2]

On December 5, 2025, Bloomingdale's filed the instant Motion to Dismiss for Failure to State a Claim. (ECF No. 15). Scott filed a Response in Opposition on December 19, 2025. (ECF No. 17). On January 5, 2026, Bloomingdale's filed a Reply. (ECF No. 18). Scott filed a Supplement to her Response in Opposition on January 8, 2026. (ECF No. 19).

---

[1] Unless otherwise noted, the Court takes the following facts from Scott's Complaint (ECF No. 2) and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

[2] Citations to the page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

**Standard of Review**

The purpose of a Rule 12(b)(6) motion is to "test[] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, accept the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cnty., 407 F.3d 266, 268 (4th Cir. 2005). But the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

**Analysis**

Bloomingdale's first argues that Scott fails to state a claim under subsection 14-3002(b)(2)(iii) of MCEMA because the subject line at issue is not false or misleading; in their view, it is consistent with the body of the e-mail. (Defs.' Corrected Mem. P. & A. Supp. Mot. Dismiss ["Mem. Supp."] at 7, ECF No. 16-1). Bloomingdale's asserts that the subject line: "Sisley Paris: Choose your free 5-piece gift[.]" accurately conveyed the commercial and promotional nature of the e-mail, and Scott cannot establish that it had the capacity, tendency, or effect of deceiving the recipient. (Id. at 11). The Court agrees.

To state a claim under MCEMA, a plaintiff must allege sufficient facts that allow the court to reasonably infer the defendant initiated, conspired to, or assisted in the transmission of commercial e-mails that contain "false or misleading information" about either: the origin or transmission path of the e-mail, § 14-3002(b)(2)(ii), or "in the subject line" of the e-mail "that has the capacity, tendency, or effect of deceiving the recipient." MaryCLE, LLC v. First Choice Internet, Inc., 890 A.2d 818, 827 (Md.Ct.Spec.App. 2006); Md. Code Ann., Com. Law § 14-3002(b)(2)(iii) (emphasis added).

In assessing a valid cause of action under MCEMA, Maryland courts have evaluated the alleged false or misleading subject line in the context of the sender's core business practice and the information contained in the body of the e-mail. Walton v. Network Solutions, 110 A.3d 756,

2

765–66 (Md.Ct.Spec.App. 2015). A commercial e-mail with a promotional subject line is not required to include every conceivable limitation on an offer, and the absence of a meaningful limitation alone is not enough to make a subject line false or misleading. See Asabre v. Retail Servs. & Sys., Inc., No. C-15-CV-21-000459, 2023 WL 12187638, at *4 (Md.Cir.Ct. Feb. 12, 2023).

Here, Scott maintains that the subject line is false, as the recipient is not actually receiving a free gift, and a consumer who only reads the subject line, and not the fine print within the body of the email, would be unaware that a minimum purchase of $300 was required. (Compl. ¶¶ 26, 76). Scott, however, acknowledges that she opened the e-mail, (id. ¶¶ 4, 26), which Bloomingdale's sent for the purpose of promoting its goods for sale, (id. ¶ 21). Scott further recognizes that upon opening the e-mail, the body of the e-mail revealed further conditions that must be satisfied, (id. ¶ 23), and Scott, therefore, was aware of the additional limitations on the promotional offer, (id. ¶¶ 4, 23, 26). Viewing these facts in the light most favorable to Scott, as this Court must, the Court cannot reasonably infer that the subject line in question, when read in the context of the body of the e-mail, was so false or misleading that it had the capacity, tendency, or effect of deceiving Scott. Accordingly, Scott's claim against Bloomingdale's will be dismissed.

Bloomingdale's also argues that Scott's claim, as pleaded, is preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing Act ("CAN-SPAM"). (Mem. Supp. at 15). Because this Court finds that Scott failed to state a claim under the MCEMA, it does not reach the issue of preemption by federal law.

## **Conclusion**

For the foregoing reasons, Bloomingdale's Motion to Dismiss, (ECF No. 15), is GRANTED, and the Complaint, (ECF No. 2), is DISMISSED. Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly and CLOSE this case.

Very truly yours,

/s/
George L. Russell, III
Chief United States District Judge

3